IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JEFFERY HARLAN HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 108-024 |
| | ) |
| HILTON HALL, Warden, and | ) |
| THURBERT E. BAKER, Attorney | ) |
| General for the State of Georgia, | ) |
| | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondents' motion to dismiss the petition for lack of exhaustion (doc. no. 7), and Respondents' motion to dismiss Georgia Attorney General Baker as an improper party Respondent (doc. no. 8). Petitioner did not respond to the motions.[1] For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss the petition for lack of exhaustion and motion to dismiss Attorney General Baker be **GRANTED**, that Attorney General Baker

---

[1] When no response was filed to Respondents' motions to dismiss, the Court, by Order dated August 27, 2008, directed Petitioner to file a response within fifteen days of the date of the Order. (Doc. no. 9). The Court also explained that under Loc. R. 7.5, failure to respond to a motion generally indicates that the motion is unopposed. Id. Thus, because Petitioner failed to respond to the motions to dismiss, the Court will deem the motions unopposed. Loc. R. 7.5

be **DISMISSED** as an improper Respondent, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

## I. BACKGROUND

Petitioner states that he is challenging a Richmond County Superior Court and a Columbia County Superior Court conviction. (Doc. no. 1, p. 2). According to Petitioner, on October 12, 2006, he plead guilty to three counts of forgery in the first degree, and was sentenced to nine (9) years of incarceration. (Id. at 3). Petitioner reports pursuing a motion to reduce/modify sentence with the Richmond County Superior Court. (Id.). The motion to reduce/modify his sentence was denied on August 13, 2007. (Id. at 4). Petitioner commenced the above-captioned § 2254 petition on February 22, 2008. (Id.). In the instant petition, Petitioner alleges that the Department of Corrections has improperly calculated his time served. (Id. at 6). According to Petitioner, this improper calculation has resulted in his exceeding and "by-passing" his tentative parole dates for both his Richmond and Columbia County convictions.[2] (Id.).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas

---

[2] According to the record provided to the Court, Petitioner did not file a state habeas corpus petition nor did he file a mandamus action in state court. (Id.). As noted by Respondents, "ordinarily under Georgia law, habeas corpus does not lie to determine the computation of jail time, Forbes v. Ricketts, 216 S.E.2d 82 (1975), and raising this issue in a state habeas corpus petition therefore would not exhaust it for purposes of a federal habeas petition." (Doc. no. 7, n.1). A mandamus action is the appropriate method for Petitioner to challenge the computation of his jail time. Anderson v. State, 660 S.E.2d 876, 891 (Ga. Ct. App. Apr. 9, 2008).

2

corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this

3

requirement.[3] Id.

The AEDPA, however, contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity

---

[3]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[4]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[5]

In the case at bar, in order to address his sentence calculations, Petitioner was required to file a mandamus action in state court. O.C.G.A. § 17-10-11 provides:

> Each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from a court order entered in the criminal proceedings . . . . The credit or credits shall be applied toward the convicted person's sentence and shall also be considered by parole

---

[4]The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

[5]When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. Petitioner has not presented any exhausted claims in the present petition and, therefore, the stay and abeyance procedure is inapplicable.

5

authorities in determining eligibility of the person for parole.

"If aggrieved by the calculations in awarding credit [the petitioner] 'should have sought relief from the Department of Corrections." Anderson, 660 S.E.2d at 891 (citing Cutter v. State, 622 S.E. 2d 96, 99 (Ga. Ct. App. Oct. 17, 2005) (citations omitted)). If dissatisfied with the Department of Corrections' ruling, a petitioner must pursue a mandamus or injunction action against the Commissioner of the Department of Corrections. Id. Because Petitioner did not file a mandamus action or otherwise pursue injunctive relief, he has not satisfied the requisite exhaustion requirement. See 28 U.S.C. § 2254(c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Petitioner has not satisfied the requisite exhaustion requirement, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss the petition be **GRANTED**.

**B.     Improper Respondent**

Moreover, the Court also finds that Attorney General Baker is an improper Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from

6

a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Hall is the proper Respondent, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss Attorney General Baker be **GRANTED**.

## II. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss the petition for lack of exhaustion be **GRANTED**, that Respondents' Motion to Dismiss Attorney General Baker be **GRANTED**, that Attorney General Baker be **DISMISSED** as an improper Respondent, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of October, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7